Mr. Justice Walker delivered the opinion of the court. This was an action of trespass on the case for fraud in the sale of amare. The plaintiff declared against Elias Turner and William R. Turner, and alleged that they sold to him the mare in question knowing her to be unsound &c. In order to sustain the issue on the part of the plaintiff it was necessary to prove a sale by the defendants. To this point the plaintiff had introduced evidence. The defendants then called a witness, who on his voir dire being sworn stated that he himself sold the mare in controversy to the plaintiff, and was-in no respect directly or indirectly interested in the event of the suit. The defendants thereupon offered to prove by the witness that he himself and not the defendants sold the mare to the plaintiff and that she was sold to pay his own, not the defendants’ debt; that defendants never had owned the mare. The plaintiff objected and the court sustained the objection and refused to permit the witness to depose. This evidence was clearly admissible. It tended to disprove the sale as alleged by the plaintiff and if no such sale was made, it is evident that the plaintiff could not recover. So far as his statement with regard to the title of the property was concerned it was unimportant, for if the defendants sold property which in truth did not belong to them they were nevertheless responsible for any fraudulent representation or concealment of a known defect, as fully and to the same extent as if the property had been really their own; indeed upon proper averments it might have multiplied the grounds of recovery. But so far as the evidence might tend to show that the sale was not made by the defendants it was clearly competent, and should such statement be found to contradict that of other witnesses, it was for the jury to give such weight to these conflicting statements as they might deem right. If this witness brought up the mare in question to be valued in payment of the debt of the defendants and she was so valued and delivered to plaintiff, or if he stood by and knowingly suffered the defendants to sell the mare to the plaintiff, in either event, when the sale was so made, it was to all legal purposes a sale made by the defendants. Of all this, however, the jury should be the judges and it was clearly error to exclude the evidence from them. The decision of the Franklin circuit court must for the error' aforesaid be reversed and the cause remanded with instructions to grant to the defendants a new trial. Mr. Justice Scott, not sitting.